Charles Burchard, Plaintiff in Error, *v.* State of Oregon, Defendant in Error.

*Error to Multnomah County.*

1. The Charter of the city of Portland provides, by section 4, that the mayor and common council shall have power within the city  *  * to license, tax, regulate and restrain bar-rooms, etc. *Provided,* that no law, or parts of laws authorizing any officer of the county of Multnomah to grant tavern or grocery licenses, shall apply to persons vending liquors within the limits of said city. *Held,* that the general law is not modified in any wise except as to the *granting* of license.
2. Requisites in indictment.
3. The allegations "and on divers other of said days between said day," etc., and "to divers other persons whose names are to the grand jury unknown," in an indictment for the sale of spirituous liquor, are *surplusage,* and do not vitiate the indictment.

On the 15th day of November, A. D. 1862, an indictment was preferred against Charles Burchard, and filed in the Circuit Court for Multnomah county, charging said Burchard with the offense of selling intoxicating liquor, the body of which indictment is as follows:

" The said Charles A. Burchard, on the 14th day of September, A. D. 1862, it being the first day of the week commonly called Sunday, and on divers other of said days, between said day and the finding of this indictment, at the city of Portland in this county, at the ' Gem Saloon,' will-

fully and unlawfully sold to A. B. Brannan, and to divers other persons whose names are to this grand jury unknown, intoxicating liquor, to wit, one gill of whiskey, against the statute in such cases provided."

To this indictment defendant by his counsel interposed a demurrer substantially as follows :

" 1st. The indictment does not charge that the liquor sold was sold by defendant, at or in any house or room where any intoxicating liquor was kept for retail.

" 2d. There is no law in force in the city of Portland, making a sale of intoxicating liquor on Sunday a criminal offense.

" 3d. The said defendant has a right to sell liquor on Sunday in the city of Portland, by virtue of the act of the legislative assembly of the territory of Oregon, entitled an act to incorporate the city of Portland, passed January 24th, 1854.

" 5th. The indictment charges more than one offense."

The court overruled the demurrer and defendant, refusing to plead and standing by his demurrer, was adjudged to pay a fine and costs, to which ruling and judgment he excepted, and this case is here for revision.

*G. H. Williams, Esq.*, for plaintiff in error.

*W. C. Johnson*, prosecuting attorney.

WILSON, J.   Three points are designated in this case and insisted upon as requiring a reversal of the judgment below ; *one*, as to the provisions in the charter of the city of Portland ; and *two*, as to alleged defects in the indictment.   The determination of the first point involves a mere construction of the statute.   The charter given to the city of Portland contains, among other clauses prescribing the authority of the common council, this provision :  " To license, tax, and regulate and restrain bar-rooms, etc.   *   *  *Provided*, that no law or parts of laws authorizing any officer of the county of

Multnomah to grant tavern or grocery licenses, shall apply to persons vending liquors within the limits of said city." It is insisted here by plaintiff that this latter clause exempts the city limits from the operation of *all* parts of the law under which this indictment is preferred; and on the contrary, it is admitted by the State that the provisions of the statutes, so far as they relate merely to the *granting* of licenses, do not apply to the city of Portland, but it is claimed that all the *penal* provisions of the same statutes are in full force there as elsewhere in the State. We think this fact is apparent. While the statutes of Oregon provide for an easy obtaining of a license to sell spirituous liquors by retail, the legislative assembly undertook to sedulously guard the public from the ill results attending such traffic, and by very special enactments have restrained the possible infractions of those laws. We hold that the provisions of that charter secures to the city of Portland the exclusive right to license saloons within the city limits; and so far those sections of the general law which refer specially to the granting of such licenses are inoperative; but we must as far as possible construe both the general statute and the charter so that both may stand. The one, so far as its provisions have not been expressly repealed or restrained; the other, so far as express authority has been given it. We cannot think that the legislature intended to give the city of Portland the exclusive authority to punish illegal sales of such liquors. Doubtless the city may enact penal ordinances in reference thereto, which are not inconsistent with the general laws of the State. Suppose the city should have the exclusive right to punish, or not, as should seem to a common council best to do, then by a plentiful granting of licenses and a neglect or refusal to impose restraining and punitory ordinances, the whole purpose of a license law would be defeated, not only within the limits of that city, but so far as the influence and control of trade held by Portland extends. We have no doubt but that the grand jury had full right to

inquire into the alleged breaking of the law in this case, and the Circuit Court had full jurisdiction thereof. As to the second point: "That the indictment is clearly defective in not stating that the liquor was sold in a house in which intoxicating liquor was kept for retail." The grammatical and ordinary construction of the reading of *section 5, page* 545, *Statute* of 1855, clearly separates the offense of keeping open a house in which intoxicating liquors were kept for retail from the offense of selling, etc., such liquors on Sunday. Nor does the first provision necessarily attach to and form a part of the offense in the second provision. Any other construction would obviously defeat the meaning and intent of the law. The absence of the clause stating that the liquor was sold in such a house is not in this case a material defect. As to the third point, " that sundry offenses are charged in this indictment," it is only necessary for us to state that one offense is sufficiently stated; and that the allegations that " on divers other of said days, between said day," etc., and " to divers other persons whose names," etc., may be stricken out without in anywise affecting the sufficiency of the indictment, and without affecting the rights of defendant. This is evidently what is termed *surplusage*, and may be disregarded with safety.

Judgment is affirmed.