STATE OF OREGON, Respondent, *v.* ANSEL W. SWEET, Appellant.

*Appeal from Wasco County.*

Embezzlement is the proper name of that crime, when an agent fraudulently converts the money of his employer.

ANSEL W. SWEET was an attorney at law, and in that capacity collected some nine hundred dollars for a client, Reuben Breed. This money so collected, Sweet embezzled, converted to his own use, and failed to account therefor.

*G. L. Woods, Esq.*, counsel for appellant.

*Denny & Hodgkinson*, counsel for respondent.

BOISE, J. The indictment charges defendant with embezzlement, calling the offense by that name, and using substantially the language of the 22d *Section, page* 216 *of the Statutes*, defining the offense. The statute is as follows: " If any agent of any private person shall embezzle or fraudulently convert to his own use, without the consent of his employer, any money which shall have come to his possession by virtue of such employment, he shall be deemed to have committed the crime of larceny." The indictment charges the prisoner with embezzlement, setting out the facts constituting the crime, and the prisoner was convicted on the charge. It is now insisted by the prisoner, that no conviction could be had on such a charge, for the reason that the statute names the crime as larceny, and that it should have been so named in the indictment.

The statute uses the word embezzle in describing the offense. It says: " If any agent shall embezzle any money, he shall be deemed to have committed larceny." It was necessary to set out the facts in the indictment, so that the proof would

correspond with the facts charged; and if these facts charged describe the crime as defined by statute, it is sufficient, and the calling the offense embezzlement in the caption of the indictment does not constitute a variance from the definition given by statute. The word "larceny" is used in the statute simply to determine of what degree the offense shall be, and what its penalty. It says simply, embezzlement shall be deemed larceny, that is, that embezzlement shall be equal in enormity to larceny. I think the word embezzlement describes the offense charged, and that it was not the intention of the legislature to abolish the name of embezzlement from the catalogue of crimes, but only to say that the crime of embezzlement should be equal in degree to larceny, and have the same penalty attached to its commission.

Judgment affirmed.