Watson v. Acquackanonck Water Company.

---

## JOHN WATSON v. THE ACQUACKANONCK WATER COMPANY.

1. Corporations being the creatures of legislation, are precisely what their organic act makes them. For every function they claim to exercise, they must find authority in legislative grant.
2. The defendant has no power under its charter to condemn the right which the plaintiff has to the flow of Weasel brook over his close, without including and taking the bed of the stream.

---

On *certiorari.*

Argued at November Term, 1872, before Justices WOOD-HULL, DEPUE and VAN SYCKEL.

For plaintiff, *J. Hopper* and *J. Wilson.*

For defendant, *T. D. Hoxie* and *S. Tuttle.*

The opinion of the court was delivered by

VAN SYCKEL, J. John Watson, the plaintiff, is the owner of a parcel of land lying on both sides of Weasel

brook, in the county of Passaic, below the reservoir of the Acquackanonck Water Company, the water of said brook being used by him for the purposes of a bleachery erected on his premises. The water company proposes to erect works upon its own premises, by which, without taking the bed of the stream, or any part of the plaintiff's lands, it will divert from the plaintiff the waters of Weasel brook, and take and use the same in its reservoir, and commingle with and flow into Weasel brook the less pure water of the Dundee canal. In pursuit of this object the defendant has procured an order to be made by one of the judges of the Court of Common Pleas of said county, appointing commissioners to assess the damages which John Watson will sustain by the contemplated work.

The legality of this order is the subject of contest in this case.

The question is whether the defendant, under its charter, can condemn the right which the plaintiff has to the flow over his close of the uncorrupted waters of Weasel brook, without including and taking the bed of the stream?

It is a familiar principle that corporations being the creatures of legislation, are precisely what their organic act makes them, and beyond that, nothing. They must act strictly within their limited sphere, and for every function they claim to exercise, they must find authority in legislative grant. 2 *Cr.* 127.

The power, therefore, which the defendant is now seeking to use, must, if it has any existence, be found in its charter.

The fifth section of the charter, (*Acts*, 1867, *p.* 897,) provides that its officers and employees may at all times enter upon all lands or waters in said county, and survey, search, excavate, and bore for water, and examine the quality thereof, and locate all and singular the reservoirs, drains, ditches, aqueducts, pipes, fountains, water-wheels, force-pumps, and buildings, and all other necessary work and appendages thereto, and when said location shall have been determined on, cause a map to be made of all lands which it

may require for the purposes aforesaid. The sixth section then provides that if the company cannot agree with the owner of such required lands for the purchase thereof, application may be made for the appointment of commissioners, who shall view and examine the said lands, and make a just an equitable estimate of the value of the same, and assess the damages which will accrue from erecting said works, and report, in writing, the amount to be paid to each owner, stating the metes and bounds of the lands assessed, which report, when filed, shall be evidence of the right of said company to hold, occupy, and possess the land so described. The power is expressly given in these sections to condemn lands, and to assess the consequential damages resulting from taking lands; not to assess damages where no lands are taken.

But it is insisted that from the right given in the latter part of the fifth section, "to do all other things which shall be suitable or necessary for completing the works thereby contemplated," there is an implied grant of power to do whatever is necessary to acquire what is suitable for their use. It is obvious from the connection in which these words are used, that they were not intended to carry a power of condemnation, but to enable the company to do any other act of a like nature with those enumerated.

In the third section of the charter, power is given the company to obtain and secure by purchase, the right to use, divert, and appropriate any springs, streams, or ponds of water. The omission to give express power to condemn what by the third section may be acquired by purchase, furnishes a strong implication that the right to condemn was not intended to be co-extensive with the power to purchase.

That this is the true interpretation of the act, is evinced by the fact that it prescribes the mode of appointing commissioners for the single purpose of condemning lands, but makes no provision for such appointment to condemn the use of water, nor does it direct how such commissioners, if appointed, shall proceed to execute their duties.

The company may acquire by purchase the right to divert these waters from the plaintiff, but cannot take it by condemnation. In my opinion there is no authority to make the order certified into this court, and it should therefore be set aside with costs.