HENRY MILLER, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

Embezzlement. Plaintiff in error was indicted for the embezzlement, as agent, of certain moneys belonging to the M. M. company, a corporation, received by him on sales of their machinery. The contract of agency, introduced in evidence on the part of the state, contained the following clause: "To remit to the said party of the first part the proceeds of each and every sale as early as the day following the delivery of the machinery to the purchaser. If the said sale was for all cash, the full commissions, as per article 3d, may be retained; or if a time sale, the full settlement for the same shall be remitted less the proportion of commissions due on the cash received; the balance of the commission shall be due *pro rata* as the cash is paid on the notes.

If any cash received on sales of machines is not remitted as agreed in this section, the party of the second part shall not only be legally liable, but agrees that the settlement shall be made on the time-sale basis, and ten per cent interest shall be paid on all cash so retained." *Held*, That money so retained was not em. bezzled, and that no conviction could be had therefor.

ERROR to the district court for York county. Tried below before NORVAL, J.

*France & Harlan*, for plaintiff in error.

*Sedgwick & Power*, for defendant in error.

COBB, CH. J.

The plaintiff in error was indicted, tried, and convicted in the district court in and for York county for the crime of embezzlement.

A large number of exceptions were saved in the court below, and the rulings of the court thereon are assigned for error in this court; but it is deemed necessary to revert to but one of them for a proper disposition of this case.

The indictment charges that the plaintiff in error, as the agent of the Marseilles Manufacturing Company, etc., certain money of the amount and value of sixty dollars, etc., belonging to said Marseilles Manufacturing Company, did unlawfully, fraudulently, and feloniously embezzle and convert to his own use without the consent of said company, etc.

It seems, from the bill of exceptions, that the Marseilles Manufacturing Company were engaged in manufacturing wind-mills, pumps, etc., in the state of Illinois, and selling them, through agents, in this state. The firm of Miller & Miller, of York, one of whom was the plaintiff in error, were the agents of said company at the last-named point, and it was money received by the firm of Miller & Miller for wind-mill property sold by them as agents of the Mar-

seilles Manufacturing Company that plaintiff in error was charged. The written contract of employment and agency between the said company on the one part and the said firm on the other part, was introduced in evidence, at the trial, on the part of the prosecution. This contract is divided into seventeen articles. I copy the whole of article 9 :

"ARTICLE 9. To remit to the said party of the first part the proceeds of each and every sale as early as the day following the delivery of the machinery to the purchaser. If the said sale was for all cash the full commissions, as per Article 3d, may be retained; or, if a time-sale, the full settlement for the same shall be remitted, less the proportion of commissions due on the cash received; the balance of the commission shall be due *pro rata* as the cash is paid on the notes. If any cash received on sales of machines is not remitted as agreed in this section, the party of the second part shall not only be legally liable, but agrees that the settlement shall be made on the time-sale basis and 10 per cent interest shall be paid on all cash so retained."

This clause of the contract of agency clearly contemplates the happening of precisely what did happen in this instance—the receipt of money by the agent and not paying it immediately over to his principal, and it fixes the penalty for such failure, to-wit: the payment of ten per cent interest on the amount.

The indictment in this case, as it must to charge a crime, alleges that the plaintiff in error embezzled the money stated, against the consent and will of his principal, the said manufacturing company. But here the principal says, through the terms of the contract, to the agent, in effect: "You must remit this money, as soon as you receive it, but you may keep it awhile at ten per cent interest." At least when we come to apply that principle of criminal law which requires all statutes to be construed most favorably

to the accused (this contract of agency is a part of the statute in this case), it is susceptible of that construction, and we must construe it most favorably to the liberty of the citizen.

As it is quite apparent that, under our view of the law and construction of the contract of agency under which the alleged embezzlement was committed, there can be no lawful conviction of the accused, the judgment of the district court is reversed, the verdict set aside, the prosecution dismissed, and the plaintiff in error discharged.

JUDGMENT ACCORDINGLY.

THE other judges concur.