Argued August 1; decided December 9, 1895.

## STATE v. STEARNS.

[42 Pac. 615.]

EMBEZZLEMENT— INDICTMENT— ALLEGATION OF OWNERSHIP.— In a prosecution under Hill's Code, § 1770, providing for the punishment of any agent of any corporation who "shall embezzle or fraudulently convert to his own use * * * any money * * * of another * * * which shall come into his possession *. * * by virtue of his employment," an indictment alleging that defendant, as agent of an insurance company, received for the company money as premiums for insurance, which he failed to pay over or account for, is insufficient for failure to allege that the money received was in fact the money of the company.

APPEAL from Columbia: THOS. A. McBRIDE, Judge.

This is an appeal by L. M. Stearns from a judgment of imprisonment in the penitentiary for the crime of embezzlement. At the beginning of the trial he objected to the introduction of any evidence on the ground that the indictment did not state a crime, because it did not aver the ownership of the property alleged to have been embezzled, nor its value. The charging part of the indictment, so far as material to the questions presented for our determination, is as follows: "The said L. M. Stearns on the first day of August, eighteen hundred and ninety-three, in the County of Columbia and State of Oregon, being then and there a duly qualified solicitor and agent of the State Insurance Company * * * authorized and empowered * * * to solicit business for said company, and to receive the premiums therefor in said Columbia County, Oregon; * * * by virtue of said agency, received for premiums for insurance for said company, from divers persons in Columbia County, Oregon, the sum of one hundred and four dollars and fifteen

cents * * * lawful money of the United States of America, consisting of gold and silver coins of the United States of America and United States currency, the particular denominations of said money being now not known to this grand jury, and did afterwards * * * without the consent of said * * * company, feloniously embezzle * * * and fraudulently convert said sum of one hundred and four dollars and fifteen cents to his * * * own use, and did then and there fail and neglect and still fails and neglects to account for said money or any part thereof to said State Insurance Company, according to the nature of his trust, contrary to the statute, etc.

For appellant there was a brief and an oral argument by *Mr. Clarence Cole.*

For the state there was a brief and an oral argument by *Messrs. Cicero M. Idleman,* attorney-general, and *W. N. Barrett,* district attorney.

Opinion· by MR. CHIEF JUSTICE BEAN.

This indictment was found under section 1770 of the statute which provides that "If any * * * agent * * * of any incorporation, shall embezzle or fraudulently convert to his own use * * * any money * * * of another, which may be the subject of larceny, and which shall have come into his possession or be under his care, by virtue of such employment, * * * shall be deemed guilty of larceny, and, upon conviction thereof, shall be punished accordingly."

To sustain a conviction under this statute, it is clear the property charged to have been embezzled or fraudulently converted must be the property of an-

other than the person indicted, and that fact must be alleged in the indictment. Now, the indictment here does not aver the ownership of the money alleged to have been embezzled in direct terms or by necessary inference. It is true it alleges that as agent of the State Insurance Company the defendant received for premiums for insurance for the company from divers persons certain sums of money, which he failed to pay over or account for according to the nature of his trust, but this is not an allegation that the money so received was in fact the property of the company. For aught that appears in the indictment it may have been understood between the defendant and the company that the specific money received by him for insurance was not to be turned over to the company, but that he was authorized and expected to mingle and mix it with his own, and it should thus become a matter of account between him and his principal. If such was the case he could not be punished criminally for failing to pay over the balance due the company, however morally wrong it may have been. The object of the statute was not to provide punishment for a mere breach of a contract, but to remedy a defect in the common law which did not provide for the punishment criminally of a servant or agent who came lawfully into the possession of money or property of his principal, and feloniously converted it to his own use. Prior to the statute it was held that, since a larceny must include a trespass or a taking and carrying away of the property stolen, a servant who came rightfully into possession of the property of his master and embezzled or converted it to his own use could not, in general, be punished criminally. It was to avoid this difficulty and defect in the criminal law that embezzlement was·declared a crime equal

in degree to larceny, with the same penalty attached to its commission. But the same title and right to the possession of the identical property must exist in embezzlement as in larceny. It has consequently been held that where a servant receiving money has a right to mingle it with his own, being answerable for the balance, an indictment for embezzlement does not lie for the failure to pay over according to his contract: *People* v. *Howe,* 2 Thomp. and C. 383; *Commonwealth* v. *Stearns,* 2 Metc. (Mass.), 343; *Commonwealth* v. *Libbey,* 11 Metc. (Mass.), 64 (45 Am. Dec. 185); *Miller* v. *State,* 16 Neb. 179. The indictment in this case does not negative the ownership in the defendant, or allege that the money said to have been embezzled was the property of some person other than the defendant, and consequently does not state a crime. For this reason the judgment must be reversed, and it is so ordered.　　　　　　　　　　　　REVERSED.