MILWAUKEE THEATER COMPANY, Appellant, vs. FIDELITY & CASUALTY COMPANY and another, Respondents.

*February 5 — February 18, 1896.*

*Indemnity against embezzlement: Corporations: When treasurer is merely a debtor: Interest.*

> An arrangement between a corporation and its treasurer by which he is to pay interest on the moneys in his hands makes him, as to such moneys, merely a debtor of the corporation, and his failure to pay them over to his successor on demand is therefore not an embezzlement thereof such as will create a liability upon a bond to reimburse to the corporation any loss resulting from embezzlement or larceny by such treasurer.

APPEAL from a judgment of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Affirmed.*

Action upon a bond. The defendant *Obermann* was treasurer of the plaintiff company from August 19, 1890, until July 1, 1893. On the 31st of December, 1892, the defendant *Obermann*, and the defendant corporation as surety for *Obermann*, executed and delivered to the plaintiff a bond, of which the material agreements are as follows:

"Now, in consideration of the sum of forty-five dollars, as a premium for the term ending on the eighteenth day of December, eighteen hundred and ninety-three, at 12 o'clock noon, it is hereby declared and agreed that, during such term or any subsequent renewal of such term, and subject to the conditions and provisions herein contained, the company shall, at the expiration of three months next after proof satisfactory to its officers of a loss as hereinafter mentioned, make good and reimburse to the employer, to the extent of the sum of six thousand dollars, and no further, such pecuniary loss, if any, as may be sustained by the employer by reason of fraud or dishonesty of the employed in connection with the duties referred to, amounting to em-

bezzlement or larceny, which has been committed and discovered during the continuance of said term or any renewal thereof, and within three months from the death, dismissal, or retirement of the employed."

It appeared, upon the trial, that the defendant *Obermann*, while treasurer, generally had in his possession several thousand dollars, received either from the manager of the theater or from payment of subscriptions to stock. At a meeting of the directors of the plaintiff corporation held February 10, 1891, the defendant *Obermann* was present, and reported in his hands at that time $4,625; whereupon the following resolution was passed: "Moved and carried that the manager transfer to the treasurer $2,000 of the company's funds. The treasurer shall be required to pay to the company six per cent. per annum on $6,500 now in his possession. The amount of $2,000 was transferred to Treasurer *Obermann* by Manager Brown in the presence of the above-named directors." At a meeting of the directors, held October 19, 1891, the following proceedings were had: "A statement. showing the interest due the *Milwaukee Theater Company* from moneys deposited in the hands of Treasurer *George Obermann* from January 16, 1891, to October 13, 1891, amounting, in aggregate, to $252.68, was read. It was moved and carried that, in accordance with conditions made at the first meeting of the board of directors, this statement be mailed to Treasurer *Obermann* by the secretary, requesting him to deposit this sum to the credit of the *Milwaukee Theater Company*." At a meeting of the directors, held December 13, 1892, the following resolution was passed: "It was moved and carried that, on delivery to the president of a satisfactory bond of $6,000, the manager shall transfer to the treasurer additional funds, to make the balance in the treasurer's hands $6,000, he to pay interest on moneys in his possession at the rate of six per cent. per annum, payable semi-annually."

Milwaukee Theater Co. vs. Fidelity & Casualty Co. and another.

On the 1st of July, 1893, when *Mr. Obermann* ceased to be treasurer of the plaintiff corporation, the $6,000 mentioned in the last resolution was still in his hands, and, not being paid over to his successor on demand, this action was brought against *Obermann* and the *Fidelity & Casualty Company,* upon the bond, to recover such sum. Upon the close of the plaintiff's evidence the court nonsuited the plaintiff, and from judgment thereon this appeal was taken.

For the appellant there was a brief signed by *Turner, Bloodgood & Kemper,* attorneys, and *W. J. Turner,* of counsel, and oral argument by *W. J. Turner.*

For the respondent *Fidelity & Casualty Co.* there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *E. P. Vilas.* They argued, among other things, that in order to constitute embezzlement the thing embezzled must be the subject of larceny, either under the statute or at common law. An indebtedness cannot be the subject of embezzlement, nor can it be predicated upon a misappropriation of balance of account, nor upon refusal to pay it over. Sec. 4418, R. S.; *Ross v. Innis,* 35 Ill. 488; *People v. Howe,* 2 Thomp. C. C. 383; *Comm. v. Stearns,* 2 Met. 343; *Comm. v. Libbey,* 11 id. 64; *Miller v. State,* 16 Neb. 179; *Beaty v. State,* 82 Ind. 228.

WINSLOW, J. The defendant corporation did not contract to pay any mere debts which *Obermann* might owe to the theater company, but only to reimburse it for pecuniary loss resulting from *embezzlement or larceny.* The question, therefore, is whether the evidence shows that *Obermann* has been guilty of embezzlement of the $6,000. So far as necessary to define embezzlement for the purposes of this case, it may be defined as the fraudulent conversion of the money or personal property of another, which is in the possession of a trustee, servant, agent, or bailee in a trust capacity. There can be no embezzlement unless the property charged to have

been embezzled was, at the time of the conversion, held in trust. A mere debtor does not embezzle the money of his creditor by failing to pay the debt when due. Did *Obermann* hold the money in question in a trust capacity, or was he simply the debtor of the plaintiff to that amount? The trial court evidently thought that he had become a mere debtor, and with that conclusion we agree. Interest is compensation for the *use of money*. When the theater company resolved that *Obermann* should pay them interest on moneys in his hands, and charged him with such interest, and *Obermann* assented, the necessary implication resulting from the arrangement was that he was to have the use of the money. He was to pay for the use of it. Why should he not have what he paid for? We could not sustain a conviction for embezzlement on these facts, nor have we been referred to any case where such a conviction on similar facts has been sustained. There, are, however, authorities sustaining, in principle, the view which we have taken. *Kribs v. People,* 82 Ill. 425; *Miller v. State,* 16 Neb. 179.

*By the Court.*— Judgment affirmed.