Argued 12 October, decided 30 October, rehearing denied 4 December, 1905.

## STATE v. BROWNING.

82 Pac. 955.

EMBEZZLEMENT AS A FORM OF LARCENY.

1. Embezzlement, as defined by Section 1805 of B. & C. Comp., is a variety of larceny, though not involving the element of trespass, a breach of confidence being substituted therefor.

INFORMATION FOR EMBEZZLEMENT —ALLEGATION OF TAKING.

2. An information intended to present a charge of embezzlement under Section 1805, B. & C. Comp., need not show that the defendant unlawfully seized and carried away the property of the employer, though embezzlement is classed in this State as a form of larceny.

JURISDICTION OF JUSTICE'S COURT OVER EMBEZZLEMENT.

3. Under Section 1798 of B. & C. Comp., a justice's court, or any municipal court, having the authority of a justice of the peace, as, the Municipal Court of the City of Portland, has jurisdiction over any form of larceny, where the value of the property taken does not exceed thirty-five dollars.

From Multnomah :· ARTHUR L. FRAZER, Judge.

A. J. Browning appeals from a conviction of larceny by embezzlement. The case was submitted on briefs under the proviso of Rule 16; 35 Or. 587, 600. AFFIRMED.

For appellant there was a brief over the name of *McCants Stewart.*

For the State there was a brief over the names of *A. M. Crawford,* Attorney General, *John Manning,* District Attorney, and *H. B. Adams.*

MR. JUSTICE MOORE delivered the opinion of the court.

The defendant, A. J. Browning, was charged in the Municipal Court for the City of Portland with the crime of embezzling $20, and, having been convicted thereof and sentenced to imprisonment in the county jail, he appealed

from such judgment to the circuit court, where the cause was tried anew, resulting in a like judgment, from which he appeals to this court.

His counsel contends that the court in which the action was instituted did not have jurisdiction of the subject-matter, and, this being so, that the circuit court erred in not reversing the judgment of the municipal court and discharging the defendant. The authority by which the police court assumed to act in the matter is to be found, if at all, in the following provisions of the charter of the City of Portland. The Municipal Court for the City of Portland has therein the jurisdiction and authority of a justice of the peace: Sp. Laws, 1903, pp. 3, 131, § 329. An examination of the statute in respect to the authority of the latter court discloses that a justice's court has jurisdiction of the crime of larceny, committed or triable in the county in which such court is held, where the punishment therefor may be imprisonment in the county jail or by fine: B. & C. Comp. § 2194; Laws 1903, p. 295. Where the value of the property stolen does not exceed the sum of $35, a justice's court has jurisdiction of the crime, and upon conviction of the person charged therewith, may sentence him to imprisonment in the county jail for not less than one month nor more than one year, or may impose a fine of not less than $25, nor more than $100: B. & C. Comp. § 1798. The statute alleged to have been violated by the defendant, is, so far as involved herein, as follows:

"If any * * employee * * of any private person * * shall embezzle or fraudulently convert to his own use * * any money * * of another * * which shall have come into his possession, or be under his care, by virtue of such employment, such * * employee * * shall be deemed guilty of larceny, and upon conviction thereof shall be punished accordingly": B. & C. Comp. § 1865.

1. The question presented by this appeal is whether or not the legislative declaration that a person who converts to his own use the property of another which has lawfully come into his possession "shall be deemed guilty of larceny," etc., confers upon a justice's court authority to hear and determine the guilt or innocence of a person charged with the commission of embezzlement, when the value of the personal property converted does not exceed $35, though the latter offense is not specified in the list of crimes of which such court has jurisdiction. To uphold the jurisdiction of the municipal court, and thereby to affirm the judgment in the case at bar, the clause "shall be deemed guilty of larceny," etc., must be so construed as to render the term "embezzlement" equivalent to "larceny." Larceny was a crime at common law, and consisted of a trespass, committed in the taking of the personal goods or chattels of another, with intent to convert them to the taker's use, without the consent of the owner. Embezzlement was not a common-law offense, but has been defined as a crime by statute. This crime cannot be committed unless the defendant is in the lawful possession of the property at the time of the conversion. "As trespass," says Mr. Justice MULKEY, in *Johnson* v. *People,* 113 Ill. 99, "is an injury to the possession only, it logically and legally follows that no one in the lawful possession of goods can commit larceny of them, for it were idle and absurd to talk of one committing an injury to his own possession." Embezzlement consists in the breach of some trust relation by one in the lawful possession of the personal property of another who fraudulently converts it to his own use. In larceny, there is no breach of any confidential relation as in embezzlement, while in the latter crime, there is no trespass as in larceny. One of the constituents of the crime of larceny and of embezzlement is the fraudulent conversion of the personal property of another without his consent,

which unlawful deprivation in each instance constitutes the gist of the offense.

2. This common element of the respective crimes evidently induced the legislative assembly to classify embezzlement as larceny. The statutory declaration that a person who embezzles the property of another shall be deemed guilty of larceny did not blend those crimes, so as to require an indictment or an information charging the commission of embezzlement to aver that the defendant "took, stole, and carried away" the goods or chattles converted: *State* v. *Sweet*, 2 Or. 127; *State* v. *Reinhart*, 26 Or. 466 (38 Pac. 822). To have held, in the cases cited, that the formal charge of embezzlement required an allegation that the defendant "took, stole, and carried away" the goods of another, would have been contrary to the fact, and if such statement were considered material, would probably result in each instance in an acquittal, because in embezzlement the taking is always lawful.

3. To ascertain the intent of the legislative assembly, so as to determine the meaning of the clause "shall be deemed guilty of larceny," etc., an examination of the Criminal Code is thought advisable. In cases of murder and manslaughter, the persons committing the respective crimes, under the circumstances indicated in the statute, are not declared to be guilty thereof, but only "deemed" to be so: B. &. C. Comp. §§ 1741–1750, 2139. The same method is pursued in cases of rape (B. & C. Comp. § 1760), arson (B. & C. Comp. §§ 1779–1781), burglary (B. & C. Comp. §§ 1793–1796), larceny (B. & C. Comp. §§ 1798, 1804–1807, 1811), forgery (B. & C. Comp. §§ 1867, 1868), and perjury (B. & C. Comp. § 1875). This frequent use of the word "deemed" leads us to conclude that the legislative assembly intended by its use in Section 1805 to classify embezzlement as larceny. Not larceny as the term was understood at common law, which necessarily involved an

unlawful taking of the personal goods or chattles of an-
other, but statutory larceny, which consists of a felonious
conversion of the personal property of another, of which
the person guilty thereof had the rightful possession.

The legislative assembly possessed plenary power to
designate embezzlement by any name that it might adopt,
and having selected the word "larceny" as expressing the
crime committed, a justice's court has jurisdiction thereof
when, as in the case at bar, the value of the property con-
verted does not exceed the sum of $35.

The Municipal Court for the City of Portland having ·
the same authority as a justice's court, it follows that the
judgment of the circuit court should be affirmed, and it is
so ordered.　　　　　　　　　·　　　　　　AFFIRMED.

---

Decided 30 January, 1906.