Submitted on briefs November 15, affirmed November 29, 1927.

## STATE v. PAUL DORMITZER.

### (261 Pac. 426.)

**Indictment and Information—Right of Accused to Demand Nature of Accusation Against Him Does not Prevent Abolition of Verbiage and Technical Forms of Pleading (Const., Art. I, § 11).**

1. Constitution, Article I, Section 11, guaranteeing to every person accused of crime right to "demand nature and cause of accusation against him, and to have copy thereof," does not prevent simplification of criminal pleading by abolition of verbiage and technical forms of ancient law.

**Embezzlement—Offense of Embezzlement is Statutory.**

2. Offense of embezzlement was unknown to common law, and is of statutory creation.

**Indictment and Information—Indictment for Embezzlement Following Language of Statute is Sufficient (Or. L., §§ 1437, 1440, 1955; Const., Art. I, § 11).**

3. Indictment charging embezzlement under Section 1955, Or. L., is sufficient within terms of Sections 1437 and 1440, and Article I, Section 11, Constitution, if it follows language of statute.

---

2. See 9 R. C. L. 1266.
3. See 9 R. C. L. 1287.

Embezzlement—Indictment Charging That Defendant Came into Possession of $100 Belonging to B. B. by Virtue of His Employment as Agent, and That Defendant Unlawfully Embezzled and Fraudulently Converted the Same to His Own Use, Held to State Offense (Or. L., §§ 1437, 1440, 1955; Const., Art. I, § 11).

4. Indictment charging that defendant, "being a * * agent of B. B., did then and there come into his possession * * by virtue of his employment as such * * agent * * lawful money * * of the value of $100, all being the property of said B. B.," and that defendant did "unlawfully and feloniously embezzle and fraudulently convert the' same to his own use," *held* to charge offense of embezzlement under Section 1955, Or. L., and to sufficiently comply with Constitution, Article I, Section 11, and Sections 1437, 1440, Or. L.

Indictment and Information—Stripping Indictment of Surplus Words Does not Vitiate Charge Therein.

5. Charge as contained in indictment is not vitiated by stripping indictment of surplus words.

Criminal Law—Indictment must Set Forth Accurately Every Ingredient of Offense.

6. Indictment must set forth accurately every ingredient of which offense is composed to enable court to determine whether facts were sufficient in law to support conviction.

Indictment and Information — Test of Indictment's Sufficiency is Whether It Contains All Elements of Offense, Advising Defendant of Charge, and Protecting Him from Double Jeopardy.

7. Test of sufficiency of allegations of indictment is, not whether pleading might have been more certain, but whether it contains every element of the offense, and sufficiently advises the defendant of the charge he must meet, and protects him on acquittal or conviction from being tried again for same offense.

Indictment and Information—Indictment Need not Allege Matters not Necessary to be Proved.

8. Matters which do not need to be proved need not be alleged in the indictment.

Embezzlement—Failure of Indictment for Embezzlement to Show Source from Which Money Allegedly Embezzled was Received Held not Fatal Defect (Or. L., § 1955).

9. In prosecution for embezzlement under Section 1955, Or. L., failure of indictment to show source from which money alleged to have been embezzled was received *held* not fatal defect, where indictment alleged embezzlement of money by agent acting in fiduciary capacity.

Indictment and Information—Indictment Need not Allege Evidence.

10. It is unnecessary for indictment to aver matters of evidence.

Courts, 15 C. J., p. 1109, n. 58.

9. See 9 R. C. L. 1288.

From Coos: JOHN H. STEVENSON, Judge.

In Banc.

'AFFIRMED.

For appellant there was a brief over the name of *Mr. Paul Dormitzer, in pro. per.*

For respondent there was a brief over the names of *Mr. I. H. Van Winkle,* Attorney General, and *Mr. J. B. Bedingfield,* District Attorney.

BROWN, J.—The defendant appeals from a conviction of the crime of embezzlement, and brings before the court the single question of the sufficiency of the indictment to charge a crime. The case has been submitted upon briefs, and the defendant states his grounds for appeal as follows:

"To the Honorable Justices of the Supreme Court:
"In the above entitled cause, the defendant chances a waiver of all testimony given at the trial thereof, and submits his appeal upon the insufficiency of the indictment to sustain a verdict of guilty. The indictment charges a conversion of the sum of $100 coming into the possession of defendant as a lawyer and bailee of one Ben Brown. Nowhere does it show even remotely the source from which it was received. In the verdict returned by the jury, they find the sum of $50. The indictment is silent as to the particular circumstances going to constitute the source of the receiving of the alleged sum of $100 claimed having been received by the defendant as the attorney for Ben Brown. The United States Supreme Court has repeatedly held that an indictment must be sufficiently explicit to inform the defendant of the nature of the crime, and show the court with its judicial eye whether a crime has been committed, otherwise it is not due process of law within the meaning of the

Fourteenth Amendment to the Constitution of the United States. In fact, the defendant received the sum of $100 as attorney's fees in a case shown by the files and records of the transcript on appeal in this case, but the indictment does not reveal that fact.''

1. Section 11, Article I, Oregon Constitution, guarantees to every person accused of crime the right to ''demand the nature and cause of the accusation against him, and to have a copy thereof.'' This provision of the fundamental law is peremptory; but such guaranty does not prevent the simplification of a criminal pleading by the abolition of verbiage and the technical forms of the ancient law.

What constitutes a sufficient indictment?

''The indictment must contain: * *

''2. A statement of the acts constituting the offense, in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended.'' Or. L., § 1437.

Section 1440, Or. L., reads:

''The indictment must be direct and certain as it regards

''1. The party charged;

''2. The crime charged; and

''3. The particular circumstances of the crime charged, when they are necessary to constitute a complete crime.''

The foregoing sections are in fullest harmony with the above constitutional mandate.

Was the defendant fully advised of the offense charged, and does the indictment as drawn enable the court to pronounce judgment upon the defendant's conviction of embezzlement and to protect the defendant's right upon a second prosecution for the

same offense? This question requires an examination of the statute defining the crime of embezzlement, and of the language of the indictment charging a violation of that statute.

2. The offense of embezzlement was unknown to the common law, and is of statutory creation: *State v. Coleman,* 119 Or. 430 (249 Pac. 1049). For the reason that the statutes of some jurisdictions differ from ours, it is necessary to look to our own Code to determine the constituent elements of that offense: 20 C. J., § 2, Embezzlement. That portion of our statute applicable to the offense charged by the indictment reads:

"If any * * agent * * of any person * * shall embezzle or fraudulently convert to his own use * * any money * * belonging wholly or in part to such person, * * and which shall have come into his possession * * by virtue of such employment, such * * agent * * shall be deemed guilty of larceny." Or. L., § 1955.

3. This statute sets forth every fact essential to constitute the offense of embezzlement; and an indictment charging embezzlement which follows its language is sufficient: *State v. Scott,* 63 Or. 444 (128 Pac. 441), and cases there noted; 8 Stand. Ency. of Proced., p. 221.

4. The indictment in question appears to have been hurriedly drawn, and contains many surplus words. Shorn of surplusage, the charging part thereof reads:

"The said Paul Dormitzer, on the 24th day of March, 1927, in the county of Coos and state of Oregon, then and there being, * * and then and there being an * * agent of Ben Brown, there did then and there come into his possession * * by virtue of his employment as such * * agent, * * lawful

money of the United States of America, * * a more
particular description * * of which * * being to the
grand jury unknown, * * of the value of $100, all
being the property of the said Ben Brown, the said
Paul Dormitzer then and there so having in his pos-
session * * as such * * agent * * the said property
of the said Ben Brown, did then and there unlawfully
and feloniously embezzle and fraudulently convert
the same to his own use.''

5. Stripping an indictment of surplus words does
not vitiate the charge contained therein. This has
been the holding of our court from early times to the
present day: *Burchard* v. *State*, 2 Or. 78; *State* v.
*Abrams*, 11 Or. 169 (8 Pac. 327); *State* v. *Tom
Louey*, 11 Or. 326 (8 Pac. 353); *State* v. *Horne*, 20
Or. 485 (26 Pac. 665); *State* v. *Humphreys*, 43 Or. 44
(70 Pac. 824).

6-8. It is a settled rule of pleading that the in-
dictment charging a crime must set forth accurately
every ingredient of which the offense is composed,
to enable the court to determine whether the facts
are sufficient in law to support a conviction. The
true test of the sufficiency of the allegations of an
indictment is not whether the pleading might have
been more certain, but whether it contains every ele-
ment of the offense and sufficiently advises the de-
fendant of the charge he must meet, and protects him
upon acquittal or conviction from being tried a sec-
ond time for the same offense: *United States* v. *Olm-
stead*, 5 Fed. (2d) 712; 1 Wharton's Crim. Proced.
(10 ed.), § 583; 3 Bishop's New Crim. Proced. (2 ed.),
§ 315, Embezzlement. Moreover, what need not be
proved need not be alleged in the indictment: *Mitchell*
v. *Commonwealth*, 141 Va. 541 (127 S. E. 368).

The indictment in this case advises the defendant
and the court that the accused is charged with violat-

ing every ingredient of the Code definition of embezzlement. It shows upon its face that at a time certain within the statute of limitations, and at a place within the jurisdiction of the court, the defendant then and there occupying a fiduciary relation with another, did, by virtue of such relation, come into the possession of certain personal property belonging to his principal, and it avers the value of that property, and alleges that the defendant "feloniously and fraudulently embezzled and converted the same to his own use." As to the sufficiency of such an indictment, see *State* v. *Sweet,* 2 Or. 127; *State* v. *Reinhart,* 26 Or. 466 (38 Pac. 822); *State* v. *Stearns,* 28 Or. 262 (42 Pac. 615); *State* v. *Browning,* 47 Or. 470 (82 Pac. 955); *State* v. *Chapin,* 74 Or. 346 (144 Pac. 1187).

9, 10. The defendant says that the indictment is deficient because it "nowhere shows even remotely the source from which it (the money alleged to have been embezzled) was received." This is an erroneous statement of the law. It is unnecessary for an indictment to aver matters of evidence. On that subject, a standard work on criminal procedure says:

"It is sufficient to allege that accused, while he was employed in a named fiduciary capacity, did, by virtue of employment, receive into his possession designated moneys or other property, in the name and on account of the employer, without setting out the name of the person from whom the money or other property was received." 1 Wharton's Crim. Proced. (10 ed.), § 587.

Finally, the record before us presents no fact disclosing a violation of any provision of the federal Constitution. In truth, it has often been held that the Sixth Amendment of that instrument invoked by

the defendant operates solely on the federal government: *State* v. *Laundy*, 103 Or. 443 (204 Pac. 958, 206 Pac. 290).

This case must be affirmed.        Affirmed.