Argued November 29; affirmed December 13, 1932; rehearing denied March 21, 1933.

## STATE *v.* TOLLEFSON
(16 P. (2d) 625)

*A. E. Reames,* of Medford, for appellant.

*George A. Codding,* District Attorney, of Medford, for the State.

CAMPBELL, J. The record in this case discloses that the defendant, being accused, by the law enforce-

ment officers, of the crime of embezzlement, appeared in person and with counsel in the circuit court for Jackson county and stated in open court that he wished to plead guilty; that he waived indictment or presentment by the grand jury and requested the court to order the district attorney to file an information charging him with said crime. Thereupon the court informed defendant of his rights but the defendant still desired to waive such indictment and requested proceedings in accordance with said waiver. The court made an order in compliance with defendant's request. Thereafter the district attorney returned an information charging defendant with the crime of embezzlement of funds. The charging part of the information reads as follows:

"That said L. Alvin Tollefson on the 10th day of May, A. D. 1932, in the said County of Jackson and the State of Oregon, then and there being and being then and there an employee of the Central Point State Bank, a Banking Institution situated in Jackson County, Oregon, did then and there unlawfully and feloniously abstract and willfully convert to his own use diverse paper currency, bank bills and currency bills, lawful money of the United States of America, a more particular description which is unknown, and of the value of one thousand three hundred and ninety dollars, all being then and there the personal property of the said Central Point State Bank, with intent to injure and defraud said Bank, the said Bank then and there having its headquarters in the City of Central Point, County and State aforesaid, * * *"

To this information, the defendant entered a plea of guilty. Thereafter judgment of imprisonment in the state penitentiary for a term not exceeding two years, was entered against him. From this judgment, defendant appeals.

The defendant questions the constitutionality of adoption of the amendment to the Constitution (Laws of 1929, p. 5), submitted by resolution of the Legislature at its 1927 session, and which will be hereinafter set out in full, and under the authority therein conferred, the information herein was filed and judgment entered.

The original Constitution, adopted by the people of Oregon in 1857, contained article VII, consisting of 21 sections and provided for the organization of the judicial system of the state. That article contained the following provision:

"Section 18. The legislative assembly shall so provide that the most competent of the permanent citizens of the county shall be chosen for jurors; and out of the whole number in attendance at the court, seven shall be chosen by lot as grand jurors, five of whom must concur to find an indictment. But the legislative assembly may modify or abolish grand juries".

The Legislature, at its session in 1899, enacted a law conferring upon the district attorneys practically the same power as given to the grand jury; that is, the district attorney without a grand jury could investigate criminal matters and return an information charging persons with crimes to the same extent as the grand jury could by indictment. The law provided that the charge in the information contain the requisites of an indictment: Laws of 1899, p. 99.

At an election held in June, 1908, section 18 of Article VII was amended to read as follows:

"Section 18 of Article VII of the Constitution of the State of Oregon shall be, and hereby is, amended to read as follows: Section 18. The Legislative Assembly shall so provide that the most competent of the permanent citizens of the county shall be chosen for jurors; and out of the whole number in attendance at the court, seven shall be chosen by lot as grand

jurors, five of whom must concur to find an indictment. No person shall be charged * * * with the commission of any crime or misdemeanor defined or made punishable by any of the laws of this State, except upon indictment found by a grand jury. *Provided, however,* that any district attorney may file an amended indictment when ever an indictment has, by a ruling of the court, been held to be defective in form''. Laws of 1909, p. 12.

At the general election in November, 1910, Article VII of the Constitution was again amended. This amendment reduced original Article VII to seven sections and readopted all the provisions of section 18, of original Article VII as theretofore amended and provided that in civil cases three-fourths of the jury may render a verdict, but designated said provisions as section 5.

The Legislature, at its session in 1927, submitted to the legal voters at a special election, held June 28, 1927, what purported to be an amendment to section 18 of Article VII, of the Constitution of the State of Oregon, under which the information herein was returned against the defendant and which amendment reads as follows:

''That Section 18 of Article VII, of the Constitution of the State of Oregon shall be and is hereby amended to read as follows:

''Sec. 18. *Verdict By Three-fourths Jury In Civil Cases; Jurors; Grand Jurors; Indictment May Be Amended, When.*

''In civil cases three-fourths of the jury may render a verdict. The legislative assembly shall so provide that the most competent of the permanent citizens of the county shall be chosen for jurors; and out of the whole number in attendance at the court seven shall be chosen by lot as grand jurors, five of whom

must concur to find an indictment. But provision may be made by law for drawing and summoning the grand jurors from the regular jury list at any time, separate from the panel of petit jurors, and for the sitting of the grand jury during vacation as well as session of the court, as the judge may direct. No person shall be charged in any circuit court with the commission of any crime or misdemeanor defined or made punishable by any of the laws of this state, except upon indictment found by a grand jury; provided, however, that any district attorney may file an amended indictment whenever an indictment has, by a ruling of the court, been held to be defective in form; provided further, however, that if any person appear before any judge of the circuit court and waive indictment, such person may be charged in such court with any such crime or misdemeanor on information filed by the district attorney. Such information shall be substantially in the form provided by law for indictments, and the procedure after the filing of such information shall be as provided by law upon indictment''. Laws of 1929, p. 5; Oregon Code 1930, p. 154.

■ The appellant contends that because Article VII, as adopted by the people in 1910, is complete in itself, and there being no section 18 in said article, that section 18 of the original Article VII was repealed and abolished; therefore, there could be no amendment to a previously discarded section of the Constitution.

Section 18, of the original Article VII, was not repealed by the adoption, in 1910, of the new Article VII. It was simply given a different number. All its provisions were readopted and appear in the new Article VII as section 5.

The provisions of a section of the Constitution is what is important and not the number given it. Section 18, of the original Article VII, not having been repealed, could be amended. Where the section, as

amended, was set out in full, the people were not in anywise misled as to its contents by it being referred to as section 18. The 1927 amendment did not attempt to amend provisions of the Constitution that did not exist. A different question would be presented if the provisions of a section of the Constitution had been repealed. Every time the state adopts a new code of its laws, the sections of the statutes are given different numbers from those in any preceding code. No one would contend that because of such change the statute had been repealed.

"* * * the conclusion reached by us in this case, namely, that those provisions of Article VII of the original Constitution which are not included in the amendment are no longer a part of the Constitution of the State, and that such other provisions of Article VII of the-original Constitution, as are no longer a part of the present Constitution but are preserved by virtue of the provisions of Section 2, of the amendment, will continue in force only until changed by the legislature". State v. Farnham, 114 Or. 32 (234 P. 806).

It will be observed that the court was careful to say that only such provisions of the original Constitution as are not included in the amendment were discarded by the adoption of the amendment of 1910. The provisions of section 18 were included in the amendment.

In the case of *State v. Hecker,* 109 Or. 520 (221 P. 808), an analogous question was presented. In that case the amendment of 1920, therein complained of, was made to section 36, Article I of the Constitution. At that time, Article I contained two sections numbered 36, one referring to prohibition and one providing for the abolition of the death penalty. Yet notwithstanding the amendment, as adopted in 1920, restored capital punishment, this court held the amend-

ment regularly and validly adopted, because the whole section that the amendment was enacted to repeal was set out in the proposed amendment, therefore the voters could not have been misled. The same is true in the instant case. The whole section as amended was set out in the resolution submitted to the people. The correct information was thus furnished the voters regarding the amendment upon which they were to cast their ballot, notwithstanding it was given the wrong number.

■ Where the intention of the law-making body, whether the legislative assembly or the people, can be clearly determined from the language used in the laws enacted by it, it is the duty of the court to give effect to such legislation, and to avoid any strained construction that would defeat the will of the people, clearly expressed, in the method provided by the Constitution: 6 R. C. L., § 45, et seq., p. 50; 12 C. J., § 43, et seq., p. 700; *State ex rel. v. Harris,* 74 Or. 573 (144 P. 109, Ann. Cas. 1916A, 1156); *In re McCormick's Estate,* 72 Or. 608 (143 P. 915, 144 P. 425).

No question is raised regarding the regularity of any of the other steps taken in the adoption of the amendment of 1927.

■ Defendant also questions the sufficiency of the information.

The statute under which the information is drawn makes the commission of certain acts a crime, without giving such crime a name.

"* * * every * * * employee of any bank * * * who embezzles, abstracts or willfully misapplies any of the money, funds, * * * of such bank * * * with the intent * * * to injure or defraud such bank * * * shall be deemed guilty of a felony, and, upon conviction thereof, shall be pun-

ished by a fine of not more than $5,000 or by imprisonment in the state penitentiary not less than one year nor more than twenty years or by both such fine and imprisonment, in the discretion of the court''. Oregon Code 1930, § 22-1503.

Thus the elements constituting the crime charged are all made to appear in the information filed in the instant case. The language of the statute is broad enough to cover the acts of any employee of a bank whether directly connected with the handling of the bank funds or not. The name given to the crime in the information, where the statute does not designate the crime with a particular name, is immaterial so long as it is germane to the facts constituting the crime alleged in the charging part of the information. An indictment or information, setting out facts as they occurred and describing same in the language of the statute, is sufficient: *State v. Kubli,* 118 Or. 5 (244 P. 512); *State v. Owen,* 119 Or. 15 (244 P. 516); *State v. Dormitzer,* 123 Or. 165 (261 P. 426); *State v. Burke,* 126 Or. 651 (269 P. 869, 270 P. 756); *State v. Burroughs,* 130 Or. 480 (280 P. 653); *State v. Cooke,* 130 Or. 552 (278 P. 936).

Finding no error, the judgment of the circuit court will be affirmed.

It is so ordered.

BEAN, C. J., BROWN and BELT, JJ., concur.