YAMHILL BRIDGE COMPANY, Plaintiffs in Error, *v.* WILLIAM T. NEWBY, Defendant in Error.

*Error to Yamhill.*

One tenant in common may sue another, who sells or destroys the common goods.

*Pratt & Campbell*, for plaintiffs in error.

*Kelly & Chinn*, for defendant in error.

WILLIAMS, C. J. The declaration in this case contains two special counts, upon an order drawn in favor of Newby upon the said Bridge Company, and on the common counts. The jury found a verdict for $979, under the third count, which is for " goods bargained and sold." Evidence was given by the respective parties to prove and disprove all the counts; but that which was adduced in support of the common counts is in substance as follows :

The company entered into a contract with Webber & Wren, by which the latter were to build a bridge for the

company, and be paid by instalments as the work progressed. When the bridge was partly built, and materials for its completion were on the ground, the contractors, having received all but the last instalment under their contract, failed, and made a conveyance to their mechanics and material men of the bridge and materials on hand. Newby was one of these grantees; being a creditor of Webber & Wren, for materials, to the amount of $820, the said conveyance was acknowledged and recorded. Endorsed thereon was a conveyance by all the grantees therein, except Newby, of all their rights thereunder to the said company. The company used the said materials for the completion of their bridge. Several reasons are now urged by the company for reversing the judgment of the District Court; one of which is, that plaintiff and defendant were tenants in common in the bridge and materials, and therefore the company had a right to use the common property for the common good of the parties. We do not think that Webber & Wren conveyed any property in the bridge to Newby and his co-grantees. They had nothing to convey. They had been fully paid for what they had done. When they quit work, the bridge, which they left partly erected, attached to the freehold, and became the exclusive property of the company. Newby and the company owned the materials in common. This common property the company took and converted to their own use, by incorporating it into their bridge. They changed what was the personalty of Newby into their own exclusive realty. When one tenant in common sells or destroys the common goods, it is well-settled that he may be sued by a co-tenant for such co-tenant's share; and, upon this principle, we think that Newby can maintain an action against the company for his part of said materials, by them taken and used up in the completion of their bridge. (*Brown* v. *Hedges*, 1 *Sack.* 290; *Heath* v. *Hubbard*, 4 *East*, 110; *Fennings* v. *Granville*, 1 *Taunt.* 241.)

Plaintiffs in error argued, in the second place, that the bill of exceptions undertakes to state all the evidence in support

Yamhill Bridge Co. *v.* Newby.

of the common counts, and does not show any thing about the damages, and, therefore, the judgment below cannot be sustained. Though the bill of exceptions says, "the evidence in support of the common counts was as follows," yet it clearly appears elsewhere in said bill that other evidence than that stated was submitted to the jury; and more than this, the bill simply sets forth certain facts proven, and does not, in truth, detail the evidence as it professes. Manifestly there was a question made in the District Court, as to the right of Newby to recover at all under the third count, and the bill saves all the facts pertinent to that question; but evidence as to the amount of damages, in no way concerns the right of recovery, and was, therefore, very properly omitted. Newby was entitled to recover nominal damages at any rate, and we cannot say that a verdict for more was found by the jury without, or contrary to evidence. No evidence, it is said, was given to the jury, that Newby ever accepted the conveyance to him and others, by Webber & Wren, and therefore he ought not to have obtained judgment. Taking the facts, that Webber & Wren had failed; that the conveyance was made to pay debts; that it was recorded; that it was actually accepted by the other grantees, and that this suit was brought in affirmance of it; we think the jury were warranted in finding that it had been accepted by Newby.

Judgment is affirmed.