GOODMAN v. STATE.

1. INDICTMENT: *Gaming: Names of parties gaming.*
An indictment for gaming need not allege the names of the parties playing the game if known, nor the grand jury's ignorance of their names if not known.

APPEAL from *Yell* Circuit Court.
Hon. G. S. CUNNINGHAM, Circuit Judge.

*C. B. Moore,* Attorney General, for the State.
1.   Not necessary to state the names of the parties with whom defendant played. *Medlock v. State, 18 Ark., 363* ; *Orr v. State, 18 Ark., 540.*
2.   The indictment sufficient. *Gantt's Dig., sec. 1564.*

STATEMENT.

ENGLISH, C. J.  Indictment for gaming in two counts ; the one charging with sufficient specification of time and place that the defendant "did unlawfully bet one dollar in money on a game played at cards commonly called seven up ;" the other, that he "did unlawfully bet one dollar on

a certain game played at cards, the name of which is to the grand jurors unknown.'' The defendant was convicted by the jury and he moved in arrest of judgment because—

1. The indictment did not state the names of the parties who played the game, nor that their names were unknown to the grand jury.

2. That it charged no offense.

The motion was overruled and he appealed.

### OPINION.

There was nothing in the motion, and it was properly overruled. This court has repeatedly held that an indictment for gaming at cards need not allege the names of the persons who played the game, and there is no reason why it should allege the grand jurors' ignorance of their names when they are not known. *Orr v. The State, 18 Ark., 540; Medlock v. The State, Id., 363; State v. Parnell, 16 Ark., 506.*

Affirm.