[Filed February 25, 1889.]

## THE STATE OF OREGON, RESPONDENT, *v.* FRANK P. LIGHT, APPELLANT.

GAMBLING — INDICTMENT — NAMES OF PARTICIPANTS. — In an indictment for betting at a game played with cards called "stud-poker," it is not necessary to allege the names of other persons who bet at the game at the same time, or to allege that they are to the grand jury unknown.

INDICTMENT — STATUTORY OFFENSE. — In an indictment for a statutory offense, it is generally sufficient to follow the descriptive words of the statute defining the crime.

DEALER — ACCOMPLICE. — The dealer of a game of stud-poker is an accomplice with those who bet money or value at such game. Both are necessary to complete the offense, — each performing a separte and necessary part in the violation of the statute. The fact that each is punishable for the part he performs can make no difference as long as the concurrent acts of both are necessary to complete the violation of the statute.

APPEAL from Lake County.

*W. M. Colvig,* for Respondent.

*M. A. Kelton* and *Cogswell & Cogswell,* for Appellant.

STRAHAN, J. — The defendant was indicted for the crime of "willfully and unlawfully playing at a certain game called 'stud-poker,' a game played with cards, for money, and checks as representatives of money and value." The defendant demurred to the indictment for

several reasons, which demurrer was overruled by the court, and upon a trial before a jury he was convicted, from which judgment this appeal is taken.

1. The first objection which will be noticed is one presented by the demurrer to the indictment. It is insisted that the indictment is bad, for the reason that the names of the persons participating in the game at the time the defendant played are not set out in the indictment, nor is it alleged that they were unknown to the grand jury. The authorities cited by counsel for appellant certainly support his contention, if they are to be followed. (*Jester* v. *State*, 14 Ark. 552; *Barkman* v. *State*, 13 Ark. 703; *Groner* v. *State*, 6 Fla. 39; *Butler* v. *State*, 5 Blackf. 280.) But the later authorities are the other way. (*Goodman* v. *State*, 41 Ark. 228; *Hinton* v. *State*, 68 Ga. 322; *Roberts* v. *State*, 32 Ohio St. 171; *State* v. *Pancake*, 74 Ind. 15.) I think the better reason is with the later authorities. In an indictment for a statutory offense, it is generally sufficient to follow the descriptive words of the statute, which was done in this case. The particular facts and circumstances, who participated, etc., are matters of evidence, and need not be pleaded.

2. It appears from the bill of exceptions that one McDonaugh, who was the dealer at the time the defendant is charged to have played, was the only witness introduced or examined on the part of the state. At the conclusion of his evidence, the court charged the jury as follows: "There being no other evidence than that of witness McDonaugh, if you find that he was an accomplice, you must acquit. To constitute him an accomplice, he must have received a share of the profits, or a compensation out of the game. If he was simply dealing the game to enable others to play, but was not betting in the game, nor receiving anything therefor, he was not an accomplice." To the giving of this instruction the de-

fendant excepted. On the same subject the defendant asked the court to instruct the jury as follows: " If you find from the evidence that witness McDonaugh aided or abetted the playing of the game for which the defendant was indicted, he was an accomplice; and if you find that he was an accomplice, you must acquit the defendant, as his evidence is uncorroborated." This instruction was refused, to which an exception was also taken. The witness McDonaugh was indictable, and liable to the same punishment for dealing the game, which was played for money, checks, credits, or any other representative of value. (Hill's Code, sec. 3526.)

The question presented for our consideration therefore is, Did McDonaugh become an accomplice by dealing stud-poker, at which the defendant bet money, or representatives of value?

In *State* v. *Roberts*, 15 Or. 187, this court quoted with approbation Wharton on Criminal Evidence, section 440, defining an accomplice as follows: "An accomplice is a person who knowingly, voluntarily, and with common intent with the principal offender, unites in the commission of a crime."

Substantially the question presented by the instruction given and the one refused was before the court for determination in *Davidson* v. *State*, 33 Ala. 350, and under a statute the same as ours, as to the corroboration of witnesses who were accomplices. In disposing of the question the court said: "An accomplice is definded to be 'an associate in crime; a partner or partaker in guilt.' (See Webster's Dictionary; Bouvier's Law Dictionary.) In Foster's Crown Law, 341, the word 'accomplice' is said to take in all *particeps criminis.* If, then, a person playing a game with cards adversely to the accused, and with him participates in the commission of the offense condemned by the statute, he is an accomplice."

Further on, the court remarks: "Our argument does not involve the position that adversaries in fact are accomplices in law. Antagonists in playing cards are not adversaries as to the thing which constitutes the offense. They agree together as to the playing at a game with cards, and each voluntarily contributes to that end; and they are adversaries as to which one shall perform his part in the game with the highest skill. There is a perfect agreement among the players that each shall perform his part, and the strife between them is, which shall do it most skillfully."

No authority was cited at the hearing, and I have been unable to find any that sustains that part of the court's instruction defining an accomplice as applied to the facts of this case. Participation in guilt is what makes an accomplice. The dealing of a game with cards at which others bet money or values constituted McDonaugh's guilt, and it in no manner depended on whether he received a share of the profits or a compensation out of the game, or not. Nor was he guiltless "if he was simply dealing the game to enable others to play, but was not betting in the game nor receiving anything therefor." Dealing the game at which others bet made McDonaugh an accomplice with them in the violation of the statute, and his guilt did not depend upon his "profits" or "compensation." (*Commonwealth* v. *Burns*, 4 J. J. Marsh. 177; *Commonwealth* v. *Drew*, 5 Cush. 279.)

The statute punishes the dealing of a game at which others bet money or value. Dealing is not sufficient to constitute a crime; there must be betting. The act of at least two persons concurring together, one dealing and the other betting, are necessary to effect a violation of the statute, and I have no doubt there is such a connection between dealer and the party who bets as to constitute one the accomplice of the other. Both are necessary,

and each performs his part of the acts which the law denounces as criminal, and the fact that each is punished for the part he performs can make no difference. The crime could not be committed without the concurrent acts of both.

Let the judgment be reversed, and the cause remanded for a new trial.