[Filed April 30, 1891.]

### THE STATE OF OREGON v. T. J. McDANIEL.

CRIMINAL LAW — GAMBLING — PLAY.— A person who bets money at a game of faro dealt by another, plays faro within the meaning of section 3526, Hill's Code.

Lake county: L. R. WEBSTER, Judge.

Defendant appeals. Affirmed.

The defendant was indicted for playing at faro for money, and checks as representatives of money and value. The evidence offered on the part of the state tended to prove that the only way in which the defendant played was to bet money against the game, which was a banking game set up, carried on and dealt by others.

The court instructed the jury as follows: "I instruct you that betting at a game of faro is playing it within the meaning of the law," to which an exception was taken, and this presents the only question on this appeal.

*H. K. Hanna, Warren Truitt,* and *C. A. Cogswell,* for Appellant.

*W. M. Colvig,* district attorney, for Respondent.

STRAHAN, C. J.—The indictment in this case is drawn under section 3526, Hill's Code, which provides that "each

and every person who shall deal, play, or carry on, open or cause to be opened, or who shall conduct, either as owner, proprietor or employe, whether for hire or not, any game of faro," etc. Counsel for appellant contend that the term play has by the usages of persons engaged in gaming a peculiar meaning,— one different from that which is ordinarily employed; hence, in construing this statute it should be given that meaning which it is accustomed to receive by the use of persons engaged in gaming. And counsel remarked: "When we speak of persons engaging in a game of whist, seven-up or poker, we do not say they set up, deal or carry on the game, but use the word play. In regard to faro, when speaking of it we say dealing faro—never are the words play faro employed. If one desires to express the idea of betting at faro, he says bet or buck at it."

This is the gist of the appellant's contention. While it is both original and critical, we cannot accept it as sound. We cannot accede to counsel's proposition that the usages of gamblers can have anything to do with the interpretation of this statute. It was designed to suppress gambling, and it would be altogether paradoxical to say that the usages and customs of the class against whom it is directed should control or influence its construction. If that argument were conceded, it would not be long before such usages and customs would prevail to such an, extent as to render the statute altogether nugatory. In this case the ordinary rules of construction must prevail. It must be intended that the words in this act were used in the sense and meaning ordinarily attached to them; and when the whole tenor and manifest object of the act in question are considered, we can have no doubt that to bet at a game of faro is to play it. In *State* v. *Light*, 17 Or. 358, this court held that to bet money at a game of stud-poker dealt by another was a violation of the statute, and that the dealer was an accomplice — a *particeps criminis* with the player. This could only be upon the theory that both were guilty, each performing a separate but necessary part in the violation of the statute

We think that case was correctly decided, and adhere to it.

It results that the court did not err in giving the instruction excepted to, and its judgment must be affirmed.