Motion to dismiss appeal denied July 26; appeal dismissed on stipulation December 6, 1932; mandate issued January 6, 1933

## SMITH *v.* CITY OF BANDON ET AL.
(13 P. (2d) 333)

*C. R. Wade,* of Bandon, and Liljeqvist & Swanton, of Marshfield, for appellants.

*J. W. McInturff,* of Marshfield, for respondent.

BEAN, C. J. Respondent moves to dismiss this appeal for the reason that the court does not have

jurisdiction to review the cause upon the ground, first, that the bill of exceptions is not properly authenticated by the judge of the trial court and that the court does not certify the same as being true and correct.

■ From the certificate of the trial judge it appears that the evidence attached to the bill of exceptions is certified to by Cloyd D. Rauch, a duly appointed and acting official court reporter of Department No. 6 of the Circuit Court of Oregon for Multnomah county, who has transcribed the shorthand notes of George F. Begg, official court reporter of Coos county, who took down the case in shorthand, but who died subsequent to the trial of said case on January 18, 1932, before he finished transcribing his shorthand notes, which evidence is attached to the bill of exceptions and filed with the clerk of the court "and the exhibits hereby presented, are hereby made a part hereof, was and is a transcript of the whole testimony and of the proceedings had at the trial in the above entitled court and cause, including the exhibits offered and received or offered and rejected, as appears in said transcript, instructions of the court to the jury, defendants' requested instructions, and all other matters material to the decision of the appeal. * * * Now, therefore, the foregoing statement, the evidence, and instructions of the court, the defendants' requested instructions, and exhibits hereto attached and made a part hereof, are hereby settled and allowed as a full, true and correct Bill of Exceptions, and are made a part of the record in this cause."

The certificate further shows that the transcript of testimony had not been examined by the judge, evidently relying on the certificate of the reporter (§ 28-706, Oregon Code 1930; *Obermeier v. Mortgage Co. Holland-America*, 111 Or. 14, 23 (224 P. 1089)), and

that a letter of one of the attorneys suggests some slight clerical errors, which are not deemed material. The certificate is dated at Medford, Oregon, the 18th day of April, 1932, and signed by Honorable H. D. Norton, Circuit Judge.

Section 2-704, Oregon Code 1930, directs that "The statement of the exception, when settled and allowed, shall be signed by the judge and filed with the clerk and thereafter it shall be deemed and taken to be a part of the record of the cause." The authentication of the bill of exceptions complies with the statute. No particular form for such certificate is provided by law.

■ The second ground of the motion is that the bill of exceptions was not filed within the time required by law, and orders for extension of time were never served on the attorney for respondent.

The judgment in the case was rendered October 24, 1931. On December 18, 1931, and within the statutory time, the time for filing the bill of exceptions was extended to February 1, 1932. On January 28, 1932, such time was further extended to March 10, 1932. On March 18, the time to settle and file the bill of exceptions was extended until April 20, 1932. It does not appear that the application for the last extension of time was made within the time of the former extension.

Section 2-703, Oregon Code 1930, as amended by chapter 49, Laws of 1931, provides in part that a proposed bill of exceptions may be tendered by presenting it to the clerk of the court within sixty days after the entry of judgment or decree or within such further time as may be granted by the court, if application is made during the same period of sixty days or within any extension that may be granted.

The last order for extension of time was served upon plaintiff. All of the former orders for such extension were not served. The statute does not specifically require that notice of application of such an extension of time shall be served upon the opposite party. However, the application is required to be made during the period of sixty days or within the time as extended.

A defective bill of exceptions, or in case there is no bill of exceptions, does not deprive this court of the jurisdiction of the cause. There would still remain the question pertaining to the pleadings, of which the court has jurisdiction. The reasons set forth in the motion to dismiss do not warrant the court in dismissing the appeal.

The motion is, therefore, denied.