Argued June 18; affirmed June 30, 1936

## STATE *v.* PEARLMAN
### (58 P. (2d) 1253)

*I. G. Ankelis,* of Portland (Dan E. Powers, of Portland, on the brief), for appellant.

*John R. Collier* and *Dan M. Dibble,* Deputy District Attorneys, both of Portland (James R. Bain, District Attorney, of Portland, on the brief), for the State.

CAMPBELL, C. J. On September 20, 1935, the district attorney filed an information against the defendant Barney Pearlman, and four others, in the district court for Multnomah county, accusing them of the crime of unlawfully selling alcoholic liquor. The matter came on for trial before the court without a jury which resulted in finding all the defendants guilty, and on that finding sentence was pronounced. From that judgment of conviction all five of the defendants appealed to the circuit court of said county where two of the defendants pleaded guilty, and the other three, Pearlman, Routh and Jenkins, were tried before a jury which

trial resulted in a verdict of guilty as to Pearlman, and not guilty as to Routh and Jenkins. Judgment was entered on the verdict, sentencing defendant Pearlman to pay a fine of $500 and serve a term of six months in the county jail. Defendant Pearlman appeals.

The only assignment of error is that the information filed herein fails to state facts sufficient to constitute a crime.

The charging part of the information is as follows:

"That said Barney Pearlman * * * on the 19th day of September, 1935, A. D. in the County of Multnomah, State of Oregon, then and there being, did then and there unlawfully and wilfully sell certain alcoholic liquor containing more than 17 percent alcohol by weight, they the said Barney Pearlman * * * not being licensed so to do by the Oregon Liquor Control Commission within said County and State contrary * * *."

This information alleges a violation of § 33, chapter 17, Oregon Laws 1933, 2d Sp. Sess., as amended by § 15, chapter 428, Oregon Laws 1935, which reads as follows:

"It shall be unlawful * * * for any person not being licensed under this act to sell, solicit or take orders for or peddle alcoholic liquor; * * *."

Section 35, chapter 17, Oregon Laws 1933, 2d Sp. Sess., as amended by § 17, chapter 428, Oregon Laws 1935, provides:

"* * * The description of any offense alleged to be a violation of this act in the words of this act, or in any words of like effect, shall be sufficient in law and any exceptions, exemptions, provisions, excuse or qualification, whether they occur by way of proviso or in the description of the offense in this act, may be proved by the defendant, but need not be specified or negatived in the complaint, information or indictment;

but if it is so specified or negatived, no proof in relation to the matter so specified or negatived shall be required on the part of the plaintiff, informant or complainant.''

The information follows the language of the statute.

The statute, the violation for which appellant was convicted, sets forth every factual element essential to constitute the crime of selling liquor without a license, and an information, charging that crime, which follows the language of the statute, is sufficient: *State v. Light,* 17 Or. 358 (21 P. 132); *State v. Shaw,* 22 Or. 287 (29 P. 1028); *State v. Scott,* 63 Or. 444 (128 P. 441); *State v. Kubli,* 118 Or. 5 (244 P. 512); *State v. Owen,* 119 Or. 15 (244 P. 516); *State v. Dormitzer,* 123 Or. 165 (261 P. 426); *State v. Burke,* 126 Or. 651 (269 P. 869, 270 P. 756); *State v. Burroughs,* 130 Or. 480 (280 P. 653); *State v. Cooke,* 130 Or. 552 (278 P. 936); *State v. Tollefson,* 142 Or. 192 (16 P. (2d) 625).

The judgment of the circuit court will be affirmed. It is so ordered.

KELLY, BELT and ROSSMAN, JJ., concur.