Submitted on briefs May 26; affirmed June 7, 1938

STATE *v.* PULVER ET AL.

(79 P. (2d) 990)

Department 1.

*Boon Carson,* of Portland, for appellants.

*Hardin Blackmer,* District Attorney, of Klamath Falls, for the State.

BEAN, C. J.   On July 26, 1937, complaint was filed in the justice court for Linkville district, Klamath county, state of Oregon, charging defendants James Frederick Pulver, Barney Barnes and Embassy Country Club, a corporation, with the crime of conducting gambling games, committed on July 24, 1937, in that county, it being charged that the Embassy Country Club, a corporation, being the owner and proprietor and the said James Frederick Pulver and Barney

Barnes being then and there employees and agents of said owner and proprietor, said Embassy Country Club, a corporation, being located in Klamath county, Oregon,

"did then and there unlawfully and wilfully conduct a game of vingtun (or Twenty-one) and black jack, and other games played with cards on said premises, which said games were then and there played with dice and other devices for money, checks, credits and other representatives of value; contrary to the statute", etc.

Thereafter a trial was had in the justice court wherein a verdict of guilty was returned. From a judgment thereon defendants appealed to the circuit court, where they were tried before a jury and a verdict of guilty returned. Thereafter, judgment was entered by the circuit court fining the defendants and each of them $250. The defendants appealed to this court.

■■ It is the contention of the defendants that the complaint does not allege facts sufficient to constitute a crime. There is no bill of exceptions filed in this case, signed by the judge who tried the case. Section 2-704, Oregon Code 1930, provides in part:

"The statement of the exception, when settled and allowed, shall be signed by the judge and filed with the clerk and thereafter it shall be deemed and taken to be a part of the record of the cause.   *   *   *"

A bill of exceptions is the only method of bringing testimony into the record in a law action: *Smith v. City of Bandon*, 141 Or. 684, 686-7 (12 P. (2d) 333); *Smith v. Pacific N. W. Pub. Ser. Co.*, 146 Or. 422, 428 (29 P. (2d) 819). Therefore, the only question for consideration by this court is whether the complaint alleges facts sufficient to constitute a crime.

Section 14-739, Oregon Code 1930, provides:

"Each and every person who shall deal, play, or carry on, open or cause to be opened, or who shall conduct either as owner, proprietor, or employee, whether for hire or not, any game of faro, monte, roulette, rouge et noir, lanquenet, rondo, vingtun (or twenty-one), poker, drawpoker, brag, bluff, thaw, or any banking or any other game played with cards, dice, or any other device, whether the same be played for money, check, credits, or any other representative of value, shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not more than $500, * * *"

The complaint, in plain and concise language, alleges a violation of this statute and alleges facts sufficient to constitute a crime under said section.

The judgment of the circuit court is therefore affirmed.

ROSSMAN, KELLY and BELT, JJ., concur.