Submitted February 13, reversed April 24, 1963

## STATE OF OREGON *v.* ROOD
### 380 P. 2d 806

On the brief for appellant were Dale T. Crabtree, Sam A. McKeen, and John R. Thomas, Klamath Falls.

No appearance for respondent.

ROSSMAN, J.

A complaint filed in the District Court for Klamath County charged the defendant with the crime of selling a lottery ticket. The charge was made under ORS 167.410 which reads:

> "Any person who sells, either for himself or another, or offers for sale, or has in his possession with intent to sell or offer for sale or exchange or negotiate, a ticket or share of a ticket in any

lottery described in ORS 167.405, or any writing, token or other device mentioned in that section, shall be punished upon conviction by imprisonment in the county jail for not less than three months nor more than one year, or by a fine of not less than $50 nor more than $500."

From a judgment entered in the District Court which found the defendant guilty she appealed to the Circuit Court for Klamath County. The court last mentioned sustained a demurrer to the complaint on the ground that since the complaint did not specify the name of the purported purchaser it did not charge a crime. From the resulting order the state appealed to this court.

The state's (appellant's) sole assignment of error follows: "The trial court erred in sustaining the defendant's demurrer to the complaint."

According to the decision in *State v. Light,* 17 Or 358, 21 P 132, the indictment charged the defendant with "willfully and unlawfully playing at a certain game called 'stud-poker,' a game played with cards, for money, and checks as representatives of money and value." The defendant demurred to the indictment and the demurrer was overruled. Upon his conviction he appealed. We take the following from the decision:

"The first objection which will be noticed is one presented by the demurrer to the indictment. It is insisted that the indictment is bad, for the reason that the names of the persons participating in the game at the time the defendant played are not set out in the indictment, nor is it alleged that they were unknown to the grand jury. The authorities cited by counsel for appellant certainly support his contention, if they are to be followed. (Jester v. State, 14 Ark 552; Barkman v. State, 13 Ark

703; Groner v. State, 6 Fla 39; Butter v. State, 5 Blackf 280.) But the later authorities are the other way. (Goodman v. State, 41 Ark 228; Hinton v. State, 68 Ga 322; Roberts v. State, 32 Ohio St 171; State v. Pancake, 74 Ind 15.) I think the better reason is with the later authorities. In an indictment for a statutory offense, it is generally sufficient to follow the descriptive words of the statute, which was done in this case. The particular facts and circumstances, who participated, etc., are matters of evidence, and need not be pleaded."

The information in *State v. Pearlman,* 154 Or 52, 58 P2d 1253, charged the defendant with the crime of unlawfully selling alcoholic liquor, but did not give the name of the purchaser. The pertinent part of the information was the following: "did then and there unlawfully and wilfully sell certain alcoholic liquor." In sustaining the sufficiency of the information, this court said:

"The statute, the violation for which appellant was convicted, sets forth every factual element essential to constitute the crime of selling liquor without a license, and an information, charging that crime, which follows the language of the statute, is sufficient. * * *"

In *State v. Pulver,* 159 Or 296, 79 P2d 990, the complaint against the defendants was filed in a justice court and charged them as follows:

"* * * did then and there unlawfully and wilfully conduct a game of vingtun (or Twenty-one) and black jack, and other games played with cards on said premises, which said games were then and there played with dice and other devices for money, checks, credits and other representatives of value; contrary to the statute * * *."

It will be noticed that the complaint did not name the players. After conviction the defendants, upon

appeal, claimed that the complaint did not allege facts sufficient to constitute a crime. This court, quoting the governing statute, ruled as follows:

"The complaint, in plain and concise language, alleges a violation of this statute and alleges facts sufficient to constitute a crime under said section."

The sufficiency of the complaint was sustained.

In *State v. Langley*, 214 Or 445, 315 P2d 560, 323 P2d 301, an indictment charged that the defendant, who was the District Attorney for Multnomah County, wilfully neglected to prosecute one William B. Nettleton for gambling although he had good cause to believe that Nettleton had violated the gambling statutes of this state. In sustaining a judgment of guilty that had been entered against the defendant, this court said:

"It is our view that it was not necessary for the state to have named in the indictment any particular person whom the defendant had failed to prosecute * * *."

*United States v. Sosseur*, 87 F Supp 225, recognized as sufficient an indictment which read:

"On or about the 25th day of August, 1949, within the Indian country, the Lac du Flambeau Indian Reservation, in the Western District of Wisconsin, Richard Sosseur an enrolled one-fourth Chippewa Indian, had set up and did keep, manage and use contrivance adapted, suitable, devised and designed for gambling purposes, to-wit: five (5) slot machines, and did induce, entice and permit persons to gamble and play for gain by means of said slot machines; said acts having been committed within the Indian country where the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United

States, except the District of Columbia extend; and such acts being punishable if committed within the jurisdiction of the State of Wisconsin, by the laws thereof in force at the time of aforesaid acts."

In *State v. Hartung,* 141 Minn 207, 169 NW 712, the defendant had been convicted of the violation of a statute which rendered it unlawful for any person to advocate that the citizens of Minnesota should not assist the United States in prosecuting any of its wars. The specific charge against the defendant was that in World War I he told Red Cross solicitors, "You are working for the wrong side. Germany is right in this war * * *." The defendant claimed that the indictment was defective in failing to allege the names of the persons to whom he addressed the offensive words. After taking note that the state constitution assured the defendant of his right "to be informed of the nature and cause of the accusation against him," the court, in sustaining the conviction, declared:

"Our position is sustained by authority. In prosecutions for passing counterfeit coin under a Federal statute making it a crime to pass such counterfeit, with intent to defraud any person whatever, it has been held not necessary that the indictment name the person to whom the coin was given. * * *"

We take the following from *People v. Malone,* 68 Cal App 615, 229 P 1000:

"The indictment does not state the name of the alleged purchaser, but the evidence shows to whom the sale was made. There is much force in appellant's argument to the effect that the name of the purchaser should in fairness be alleged in order to enable the defendant to prepare his defense, but it has been held that such allegation is not neces-

sary. (People v. Faust, 113 Cal 172 [45 Pac 261]; Ex parte Hansen, 158 Cal 494 [111 Pac 528].) While the decisions in other jurisdictions are not uniform, the weight of authority is contrary to appellant's contention."

*People v. Gelardi,* 77 Cal App 2d 467, 175 P2d 855, ruled as follows:

"Next, it is claimed that the information is fatally defective in failing to name the person to whom the narcotics were sold. 'This is a defect which must be raised by a special demurrer . . .' (People v. Kinsley, supra) and, as held in that case, 'even if appellant had pointed out the defect . . . by special demurrer his objection would not have been well taken.' (People v. Faust, 113 Cal 172 [45 P 261]; People v. Malone, 68 Cal App 615 [229 P 1000])."

*People v. Faust,* 113 Cal 172, 45 P 261, sustained the defendant's conviction upon a charge that he sold intoxicating liquor "to two Indians." It did not give their names. The court stated:

"* * * The matter of legal reason involved is whether the offense is charged with sufficiency of detail to enable the accused to prepare for his defense, and to denote and characterize the transaction so that the judgment will operate as a bar to a second prosecution founded thereon. * * *

*      *      *

"We think the present information must be considered sufficient."

We take the following from 4 Wharton's Criminal Law and Procedure, § 1781:

"It is frequently necessary to aver the name of the person against whom the offense was committed, if known as a circumstance descriptive of the identity of the offense, rather than as a sub-

stantive part or element of the offense itself. At common law and under the practice in some states, it is vital that the name of the person against whom the offense was directed be stated with exactitude. In most jurisdictions, however, this exactitude is not required, and while it is deemed desirable to state the name of the victim when known, an indictment is sufficient although it states that the name of the victim is unknown, and in many jurisdictions statutes have been enacted which, in varying terms, declare that an immaterial defect in this respect shall not invalidate the indictment or information."

Without further review of the authorities it will be noticed that our precedents announced in cases substantially similar to the present one do not require that the indictment name the individual who, similar to the purchaser of a lottery ticket, participates in the criminal act. It will also be noticed that our precedents are in harmony with the trend of authority.

The sole issue is whether the complaint states a crime. We think that it does. The circuit court erred in sustaining the demurrer. Its challenged ruling is reversed.