Petition for review allowed October 19, reversed and remanded
December 15, 1971, petition for rehearing
denied January 11, 1972

STATE OF OREGON, *Appellant, v.* CAROLYN
ABBY NUSSBAUM ET AL, *Respondents.*

491 P2d 1013

*Thomas H. Denney,* Salem, Assistant Attorney General, argued the cause for appellant. On the brief were Lee Johnson, Attorney General, Jacob B. Tanzer,

Solicitor General, and James L. Carney, Assistant Attorney General, Salem.

*Stanton F. Long,* Eugene, argued the cause for respondent Harris. With him on the brief were Johnson, Johnson & Harrang, Eugene.

*Robert L. Ackerman,* Springfield, was on the brief for respondents Nussbaum, Nussbaum, Howe, Gratz, Zerzan, Dolan, Freed and Murphy. With him on the brief were Babcock & Ackerman, Springfield.

*Terence J. Hammons,* Eugene, was on the brief for respondents Lothian, Viera, Chase and Husted.

## TONGUE, J.

■ This case presents the question whether an indictment for the crime of rioting, in violation of ORS 166.040(1), is insufficient on demurrer if it fails to allege the names of three co-rioters or that the names of the other co-rioters are unknown to the grand jury.[1]

Eight of the defendants were charged with participating in a riot at the Reserve Officers Training Corps building on the University of Oregon campus in Eugene, in the course of which that building was set on fire and burned. The remaining five defendants were charged with participating in another riot in Lane County.

Both the State and the defendants have filed petitions for review of a decision by the Court of Appeals, in an opinion by a divided court, 93 Adv Sh 16, 6 Or App 300, 487 P2d 669 (July 21, 1971). That de-

---

[1] ORS 166.040(1) reads as follows:

"Any use of force or violence, or threat to use force or violence, if accompanied by immediate power of execution, by three or more persons acting together, and without authority of law, is riot."

cision affirmed judgments of the trial court, which had sustained demurrers by the defendants to separate indictments charging them with "* * * wilfully participat(ing) in a riot by acting together * * * with three or more persons * * *," but without naming the co-rioters or alleging that their names were unknown.[2] The Court of Appeals directed, however, that the cases should be resubmitted to the grand jury for the correction of that defect.[3]

The State contends that the Court of Appeals erred in relying on the "questionable rationale" of its prior decision in *State v. House,* 5 Or App 519, 485 P2d 33 (1971), which held that ORS 132.530[4] and 132.540(1)(f)[5] were adopted by the framers of our

[2] The various defendants demurred to the indictments on various grounds, but most of such demurrers relied not only upon ORS 135.630, but also upon ORS 132.520, 132.530 and 132.540.

[3] In so holding one member of the three judges of that Court who heard the case, expressed the view (at p 22) that the indictments should either "* * * allege the names of the co-rioters, or in the alternative allege their names to be, to the Grand Jury, unknown." That, however, became the majority opinion because one member of the court, in an attempt to avoid confusion in the law as to the sufficiency of indictments, concurred in that result "solely because * * * it is consistent with the majority view of State v. House, 92 Adv Sh 1001, 5 Or App 519, 485 P2d 33 (1971)," from which he dissented. The third member of the court dissented, citing State v. Rood, 234 Or 196, 202, 380 P2d 806 (1963), as authority that the indictments were sufficient.

[4] ORS 132.530 provides:
*"Certainty required.* The indictment must be direct and certain as to the party charged, the crime charged and the particular circumstances of the crime charged when such circumstances are necessary to constitute a complete crime."

[5] ORS 132.540 (1) provides that "The indictment is sufficient if it can be understood therefrom that:

"(f) The act or omission charged as the crime is clearly and distinctly set forth in ordinary and concise language, without repetition, in such a manner as to enable a person of common understanding to know what is intended and with

penal code "in lieu" of a statute providing for a bill
of particulars, as used in some other jurisdictions. The
State also contends that the Court of Appeals erred
in failing to hold that this case was analogous to, if
not controlled by, the decision of this court in *State v.
Rood,* 234 Or 196, 202, 380 P2d 806 (1963).

We granted the petitions for review because this
is a question of first impression in Oregon and because
after the decision by the Court of Appeals in this case
we reversed its prior decision in *House. State v. House,*
260 Or 138, 489 P2d 381 (1971).

It would appear from an examination of the
opinion of the Court of Appeals in this case that it is
indeed based upon the rationale of its previous de-
cision in *House* that ORS 132.530 and 132.540(1)(f)
were intended to serve the same function as would be
served by bills of particulars in some other jurisdic-
tions. Thus, the Court of Appeals held (at p 20):

"There being no bill of particulars in criminal
cases in Oregon, the demurrer provided by ORS
135.630(2) is a safeguard designed to allow a de-
fendant, where necessary, to protect his right to be
fully informed of the nature of the charge against
him."[⊗]

However, in *State v. House, supra,* we said (at p
574):

"* * * [T]he purpose of a bill of particulars
is not to inform the defendant of the charge against

---

such a degree of certainty as to enable the court to pronounce
judgment, upon a conviction, according to the right of the
case; * * *."

[⊗] ORS 135.630(2) provides for a demurrer upon the ground
that the indictment does not substantially conform to the require-
ments of ORS 132.510-132.570, among other sections.

him (as is the test to be applied in determining the sufficiency of an indictment on demurrer). Instead, its purpose is to provide the defendant with further information respecting the charge so as to enable him to prepare his defense and avoid prejudicial surprise at the trial. Annot. 5 ALR2d 447, 448 (1949). * * *"

In support of their contention that an indictment for the crime of rioting must allege the names of three co-rioters or state that they are unknown, defendant cites the following decisions by courts of three other states: *State v. McDonald,* 12 SCL 532, 10 Am Dec 691 (SC 1822); *Martin v. State,* 115 Ga 255, 41 SE 576 (1902); *Loomis v. Edwards,* 80 Ga App 396, 56 SE2d 183 (1949); and *Craig v. State,* 195 Ark 925, 114 SW2d 1073 (1938). While these cases may also be distinguished on their facts, we consider them to be contrary to the established rule in Oregon relating to the purpose of an indictment and the requirements which must be satisfied in order to constitute a valid indictment in Oregon.

■ It has always been the general rule in Oregon that an indictment in the language of a statute is good on demurrer. *State v. Tracy,* 246 Or 349, 354, 425 P2d 171 (1967). In Oregon the common law in criminal cases was abolished with the adoption of the Deady code in 1864. In its place, a criminal code and system of code pleading was adopted.[7]

This same rule is applicable to the crime of rioting. Thus, in *State v. Mizis,* 48 Or 165, 175, 85 P 611, 615, 86 P 361 (1906), this court held that:

"Whatever the definition of a 'riot' may be at com-

---

[7] See Deady, General Laws of Oregon 1864, § 62 and ORS 132.510.

mon law or in other jurisdictions, it is thus settled here by statute."

See also *State v. Stephanus,* 53 Or 135, 138, 99 P 428 (1909), and *State v. Ausplund,* 86 Or 121, 131, 167 P 1019 (1917).

Defendants also contend that the effect of ORS 135.630(2), 132.520(2) and 132.530 is to provide for a "special demurrer" by which, in this case, they are entitled to demand that the indictment must allege the names of the three co-rioters or that the names of the other co-rioters are unknown and that this practice was recognized in *State v. Smith,* 182 Or 497, 188 P2d 998 (1948).

In *State v. Goodall,* 82 Or 329, 333, 160 P 595 (1916), this court held that "* * * special demurrers, as known to the common law, are now abolished * * *."

It is true, however, as also contended by defendants, that in *State v. Smith, supra,* this court held (at p 507) that the permissible grounds for demurrer to an indictment in Oregon include not only the ground that the facts alleged do not constitute a crime (ORS 135.630(4)), but also the ground that the indictment does not conform to the requirements of definiteness and certainty as set forth in what is now ORS 132.520, 132.530 and 132.540(1)(f). See also *State v. Holland,* 202 Or 656, 666, 277 P2d 386 (1954). The reason stated in *Smith* (at p 507) for these additional requirements, however, was to enable a criminal defendant to exercise his constitutional right to demand the nature and cause of the accusation against him. It does not necessarily follow, however, that the defendants in this case are entitled to demand that the indictments allege facts such as those demanded by them.

In *Smith* we held (at pp 500-501) that the purposes of an indictment are:

"\* \* \* (1) to inform the accused of the nature and character of the criminal offense with which he is charged with sufficient particularity to enable him to make his defense, (2) to identify the offense so as to enable the accused to avail himself of his conviction or acquittal thereof in the event that he should be prosecuted further for the same cause, and (3) to inform the court of the facts charged so that it may determine whether or not they are sufficient to support a conviction. \* \* \*"

That decision is consistent with the more recent decision of the Court of Appeals for the Ninth Circuit in *Barber v. Gladden,* 327 F2d 101, 103 (9th Cir 1964), which defined the constitutional requisites of an indictment as follows:

"\* \* \* due p r o c e s s under the Fourteenth Amendment, as concerns an indictment or information, requires only that it state a public offense, and give sufficiently reasonable notice and information of the specific charge to enable the person charged to make his defense, and to plead his conviction or acquittal thereof as a bar to a subsequent prosecution for the same offense. \* \* \*"

Defendants contend that the indictments must allege the names of the three co-rioters, or that the names of the other two were unknown, because of defendants' "right to know what they must defend against." Defendants also contend that the indictments must allege such facts because each defendant has the right to be informed sufficiently to "enable him to make his defense," apparently by showing that "their participation was not riotous."

In considering these contentions the language of the statutes relied upon in support of such contentions

is significant. Thus, ORS 132.520(2) requires that an indictment must contain a statement of "the acts constituting the offense" in language sufficiently concise so as to enable a person of ordinary meaning to know what is intended. ORS 132.540(1)(f) is quite similar and states substantially the same requirement in terms of "the act or omission charged as the crime." Similarly, ORS 132.530 requires that the indictment must be direct and certain "as to the crime charged" and the circumstances "necessary to constitute a complete crime."

■ If, on trial, the State must establish the names of at least three co-rioters as one of the acts "constituting the offense" or "crime" or as a fact "necessary to constitute a complete crime" it might follow that defendants may be entitled to demand that the indictments allege the names of at least two co-rioters or that their names were unknown to the grand jury. If, however, the State need not prove on trial the names of the co-rioters it would appear that defendants would have no basis for the contention that they are entitled to demand that the indictments allege such facts because of their "right to know what they must defend against."

After considering the cases and authorities submitted by both parties, we agree with the contention by the State (and with dissenting opinion of the Court of Appeals in this case (at p 23)), that in a trial for the crime of rioting it is the number of persons participating in the offense which is the material and essential fact to be proved, not their identity by name, and that this result is required by the previous decision of this court in *State v. Rood, supra,* and by other authorities to the same effect.

In *Rood* the trial court sustained defendant's demurrer to a complaint for selling a lottery ticket in violation of ORS 167.410 because the complaint did not specify the name of the purported purchaser. We reversed, stating (at p 202) that "the sole issue is whether the complaint states a crime" and held that it did so. Also, in *Rood* this court said (at pp 197-198), quoting from *State v. Light,* 17 Or 358, 359, 21 P 132 (1889), in which the defendant was charged with unlawfully playing "stud-poker":

" '* * * It is insisted that the indictment is bad, for the reason that the names of the persons participating in the game at the time defendant played are not set out in the indictment, nor is it alleged that they were unknown to the grand jury. The authorities cited by counsel for appellant certainly support his contention, if they are to be followed. (Citing authorities) But the later authorities are the other way. (Citing authorities) I think the better reason is with the later authorities. In an indictment for a statutory offense, it is generally sufficient to follow the descriptive words of the statute, which was done in this case. The particular facts and circumstances, who participated, etc., are matters of evidence, and need not be pleased.' "[9]

In *State v. Rood, supra,* we also said (at p 202):

" '* * * At common law and under the practice in some states, it is vital that the name of the person against whom the offense was directed be stated with exactitude. In most jurisdictions, however, this exactitude is not required, and while it is deemed desirable to state the name of the victim

[9] In *State v. Rood,* this court also (at pp 198-199) cited State v. Pearlman, 154 Or 52, 58 P2d 1253 (1936) (unlawful selling of alcoholic liquor); State v. Pulver, 159 Or 296, 79 P2d 990 (1938) (unlawful playing of card games); and State v. Langley, 214 Or 445, 315 P2d 560, 323 P2d 301 (1958) (District Attorney's failure to prosecute), among other cases to the same effect. But see State v. Underwood, 79 Or 338, 155 P 194 (1916).

when known, an indictment is sufficient although it states that the name of the victim is unknown, and in many jurisdictions statutes have been enacted which, in varying terms, declare that an immaterial defect in this respect shall not invalidate the indictment or information.'[®]

"Without further review of the authorities it will be noticed that our precedents announced in cases substantially similar to the present one do not require that the indictment name the individual who, similar to the purchaser of a lottery ticket, participates in the criminal act. It will also be noticed that our precedents are in harmony with the trend of authority."

In 4 Wharton's Criminal Law and Procedure 597, § 1781 (1957), it is also stated:

"The names of third persons who are necessary parties to the consummation of the offense charged in the indictment or who would constitute a necessary part of the description of the offense should, if known, be alleged; but *unless a statute required it, the name of a third person whose identity is not an essential element of an offense or material* to the commission thereof need not be stated." (Emphasis added)

For these reasons, we hold that the names of three co-participants in the crime of rioting are not an essential element of that offense under ORS 166.040(1). All that is required by ORS 166.040(1), insofar as this element of that crime is concerned, is proof that there were "three or more persons acting together." For the same reasons, we hold that the names of such co-participants are not facts "necessary to constitute" that crime for the purposes of determining the definiteness and certainty required

---

[®] Quoting from 4 Wharton's Criminal Law and Procedure 595-96, § 1781 (1957).

of such an indictment by ORS 132.520(2), 132.530, and 132.540(1)(f). It follows that such an indictment need not allege the names of co-rioters or that names of the co-rioters are unknown to the grand jury.

We therefore hold that defendants are not entitled to demand that such facts be alleged because of their "right to know what they must defend against." For the same reasons it follows, in our opinion, that a defendant in such a case is not entitled to demand that such facts be alleged so as to "enable him to make a defense."

Although it may be helpful to defendants to inform them of the names of their co-participants in the crime of riot, we hold, for all of these reasons, that an indictment which does not do so is not invalid for that reason. The question whether such information should be provided to defendants in advance of trial involves the quite different question whether defendants in riot cases are entitled to such information as a matter of pretrial discovery. As we stated in *State v. House, supra,* at p 575, "* * * it may be that criminal pretrial discovery is desirable in Oregon, * * *. This, however, is primarily a legislative matter."

The majority opinion of the Court of Appeals (at p 22) cites Oregon cases in which the identity of co-rioters was either alleged in the indictment or stated to be unknown.[9] A reading of these cases reveals that in those cases several defendants were jointly indicted, whereas each defendant was separately indicted in

---

[9] State v. Mizis, 48 Or 165, 167, 85 P 611, 86 P 361 (1906); State v. Allen, 152 Or 422, 53 P2d 1054 (1936); State v. Seeley, 51 Or 131, 132, 94 P 37 (1908); and State v. Stephanus, 53 Or 135, 136, 99 P 428 (1909).

these cases, and the sufficiency of the indictments was not an issue in those cases.[10]

We have also considered the various additional contentions by defendants in support of their position that the indictments are invalid and find them to be without merit. Accordingly, we hold that the trial court erred in sustaining demurrers to the indictments in these cases.

In their petition for review defendants also contend that the "* * * Court of Appeals was without authority to or abused its discretion in authorizing that the cases be resubmitted to the grand jury." Since we have held that the original indictments are sufficient, it is not necessary to decide whether these cases could properly be resubmitted to the grand jury.

Reversed and remanded for trial.

---

[10] Indeed, in Newby v. Territory of Oregon, 1 Or 173 (1855), objection was made that an instruction to the jury that defendants were guilty of riot if they "* * * or any of them, and others to the number of three or more, assembled with an intent to whip Miller * * *" was "too broad and general." That instruction, however, was held to be a correct statement of the law.